UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO,
EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET,
and CRYSTAL CRUZ,

                                 Plaintiffs,

         -against-

CITY OF NEW YORK, CHARLES DROBNESS, Individually,
RALPH CONDE, Individually, THOMAS NIGRO, Individually,
MARY GILLESPIE, Individually, YURIY CHUYKO, Individually,
THOMAS KAMPER, Individually, EFRAIN HERNANDEZ,
Individually, JOHNNY CASTILLO, Individually,
JASON GREENBERG, Individually, JOHN YEN, Individually,
JOSEPH PERFETTO, Individually, KENNETH GREENE,
Individually, RICHARD GUERRIERI, and JOHN and JANE DOE
1 through10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

13 CV 6646
(FB) (VVP)

<u>Jury Trial Demanded</u>

     Plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO,

GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, by their attorneys, Brett H.

Klein, ESQ., PLLC, complaining of the defendants, respectfully allege as follows:

## <u>PRELIMINARY STATEMENT</u>

     1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO,

and EDWIN AVELLANET, also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff LUIS ORTEGA is a thirty-one year old man residing in Staten Island, New York.

7.      Plaintiff ALBA CUEVAS is a forty-two year old woman residing in New Jersey.

8.      Plaintiff ANA GREGORIO is a thirty-one year old woman residing in Staten Island, New York.

9.      Plaintiff EVELYN LUGO is a fifty-nine year old woman residing in Staten Island, New York.

10.     Plaintiff GEORGE LUGO is a thirty-six year old man residing in Staten Island, New York.

11.     Plaintiff EDWIN AVELLANET is a twenty-eight year old Hispanic American man residing in Staten Island, New York.

2

12.     Plaintiff CRYSTAL CRUZ is a twenty-five year old Hispanic American woman residing in New York.

13.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

15.     That at all times hereinafter mentioned, the individually named defendants, CHARLES DROBNESS, RALPH CONDE, THOMAS NIGRO, MARY GILLESPIE, YURIY CHUYKO, THOMAS KAMPER, EFRAIN HERNANDEZ, JOHNNY CASTILLO, JASON GREENBERG, JOHN YEN, JOSEPH PERFETTO, KENNETH GREENE, RICHARD GUERRIERI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

17.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

3

## FACTS

18.     On September 2, 2012, at approximately 11:00 p.m., plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, who are all either family, or friends of the family, were gathered at 50 Corson Avenue, Staten Island, New York, the home of EVELYN LUGO, to celebrate Labor Day.

19.     In addition to the plaintiffs, a number of children were also present.

20.     At the aforesaid time, plaintiff AVELLANET exited 50 Corson Avenue, where he lives with his mother, EVELYN LUGO, to throw out a bag of garbage.

21.     While plaintiff AVELLANET was outside, he did not commit any crime or violation.

22.     Notwithstanding, defendant NYPD officers CHARLES DROBNESS and RALPH CONDE, who were passing by, stopped and questioned AVELLANET.

23.     The officers thereafter requested that plaintiff AVELLANET give them his identification.

24.     Plaintiff AVELLANET asked why the officers needed his identification.

25.     The officer again demanded plaintiff AVELLANET's identification, to which AVELLANET responded in sum and substance, you're not giving me a reason to give you my ID.

26.     A defendant officer then aggressively grabbed plaintiff AVELLANET's right arm.

27.     The defendant officers were not justified or authorized to grab plaintiff or to

4

detain him.

28.     Plaintiff AVELLANET lawfully pulled his arm away, entered his home, and closed the door.

29.     Additional officers, including without limitation, defendants THOMAS NIGRO, MARY GILLESPIE, YURIY CHUYKO, THOMAS KAMPER, EFRAIN HERNANDEZ, JOHNNY CASTILLO, JASON GREENBERG, JOHN YEN, JOSEPH PERFETTO, KENNETH GREENE, and RICHARD GUERRIERI responded to the location around this time.

30.     Defendant officers began breaking plaintiff EVELYN LUGO's windows.

31.     Plaintiff EVELYN LUGO thereafter opened the front door and was immediately grabbed by a defendant officer, pulled out of the house, and thrown to the ground.

32.     Plaintiff EVELYN LUGO was thereafter detained outside her home for approximately thirty minutes.

33.     After pulling plaintiff EVELYN LUGO out of the house, defendant officers unlawfully entered 50 Corson Avenue and proceeded to assault and batter individuals inside.

34.     A defendant officer struck plaintiff AVELLANET in the head two to three times with a hard object, believed to be a flashlight or a baton or ASP—an NYPD issued metal impact weapon—and brought plaintiff AVELLANET outside.

35.     Plaintiff ORTEGA was in the rear of the location and approached the front door upon hearing the commotion.

36.     Defendant officers grabbed plaintiff ORTEGA, unnecessarily and brutally threw him to the floor, and proceeded to strike him multiple times in the face with a baton or ASP, kicked him in the ribs, and arrested him.

37.     An officer grabbed plaintiff GREGORIO in the downstairs hallway of said location and threw her into a dresser which had a birdcage on it.

38.     As a result, the birdcage fell, and plaintiff EVELYN LUGO's bird fell out of the cage.  The defendant officer who threw plaintiff GREGORIO intentionally stepped on the bird, killing it.

39.     While this was occurring, GEORGE LUGO and ALBA CUEVAS were upstairs, along with a number of children.

40.     After plaintiff GREGORIO was thrown into the dresser, she was then allowed to go upstairs to check on her children.

41.     Plaintiff GEORGE LUGO, hearing the commotion downstairs, walked into the upstairs hallway.

42.     He heard glass breaking and observed four to five officers running up the steps.

43.     Plaintiff ALBA CUEVAS also exited into the hallway, as did the minor children.

44.     The officers proceeded to deploy what was believed to be Oleoresin Capsicum ("OC") spray in the upstairs hallway, unnecessarily spraying GEORGE LUGO, CUEVAS, GREGORIO, and the children who were on the landing.

45.     Plaintiff CUEVAS, who suffers from asthma, retreated to a bedroom to catch her breath.

46.     After deploying the spray, an officer extended his retractable baton or ASP and stuck plaintiff GEORGE LUGO twice in the head, knocking him to the ground.

47.     Once GEORGE LUGO was on the ground, the officers held his arm behind his back and continued to strike him without justification.

48.     Observing this assault, plaintiff CRUZ began yelling at the officers to stop hitting her uncle.

49.     Plaintiff CRUZ was then struck in the head approximately three times with a baton or ASP.

50.     The officers handcuffed plaintiff GEORGE LUGO and removed him from the home in police custody.

51.     Defendant officers then kicked the door of the bedroom where plaintiff CUEVAS was, breaking the door, grabbed plaintiff CUEVAS, twisted her arm behind her back, and arrested her, placing over tight handcuffs on her wrists.

52.     Plaintiffs EVELYN LUGO, GREGORIO, AVELLANET, and CRUZ, were unlawfully seized and confined during the incident, and thereafter released without being charged with any crimes.

53.     Plaintiffs ORTEGA, GEORGE LUGO, and CUEVAS were handcuffed, arrested and thereafter transported from 50 Corson Avenue to Staten Island University Hospital in police custody.

54.     Plaintiff ORTEGA was treated for multiple facial lacerations due to being struck with a baton, which required approximately seventeen stiches to close.

55.     Plaintiff GEORGE LUGO sustained two lacerations to his head due to being struck with a baton, which required approximately fourteen staples to close.

56.     Plaintiff CUEVAS was diagnosed with bilateral expiratory wheezing due to an asthma attack, as well as tenderness and ecchymosis to her left hand.

57.     After receiving treatment, plaintiffs ORTEGA, GEORGE LUGO, and CUEVAS

were transported to the 120th Police Precinct, and thereafter imprisoned until their arraignments on September 4, 2012 in Richmond County Criminal Court on baseless charges filed under docket numbers 20012RI008051, 2012RI008053, and 2012RI008052, respectively; said charges having been filed based on the false allegations of defendants DROBNESS, CONDE, and NIGRO.

58.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their unlawful conduct and above described acts of brutality.

59.    As a result of the false statements of defendants DROBNESS, CONDE, and NIGRO, the Honorable Alan J. Meyer set bail on plaintiffs GEORGE LUGO and CUEVAS' cases, causing them to be transported to and imprisoned on Rikers Island.

60.    Plaintiff CUEVAS was released on or about September 5, 2012.

61.    Plaintiff GEORGE LUGO was released on or about September 6, 2012.

62.    Defendants DROBNESS, CONDE, and NIGRO created and manufactured false evidence against plaintiffs ORTEGA, GEORGE LUGO, and CUEVAS, and used same against them in said ongoing legal proceedings.

63.    As a result of the malicious prosecution and manufacture of false evidence, plaintiffs were compelled to return to court on multiple occasions until all of the charges lodged against plaintiffs were dismissed and sealed in Richmond County Criminal Court.

64.    Defendant NYPD officers DROBNESS, CONDE, NIGRO, GILLESPIE, CHUYKO, KAMPER, HERNANDEZ, CASTILLO, GREENBERG, YEN, PERFETTO,

GREENE, GUERRIERI and JOHN and JANE DOE 1 through 10 either directly participated in the illegal conduct described herein or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

65.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and a custom or practice of excessive force (including employing head strikes), and of widespread falsification.

66.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, including the danger of head strikes; the entry and search of private premises without a warrant; and the ramifications of falsification.

67.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

68.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

69.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

70.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "69" with the same force and effect as if fully set forth herein.

71.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

72.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

73.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

74.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

75.     Defendants, collectively and individually, while acting under color of state law,

10

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Entry 42 U.S.C. § 1983)

77.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Upon information and belief, defendants entered 50 Corson Avenue without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

79.     As a result plaintiffs EVELYN LUGO and EDWIN AVELLANET's right to be free from an unlawful entry via the Fourth Amendment was violated.

80.     As a result of the foregoing, plaintiffs EVELYN LUGO and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

81.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and/or subjected to physical restraints.

83.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

84.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ's constitutional rights.

87.     As a result of the aforementioned conduct of defendants, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ were subjected to excessive force and sustained physical and emotional injuries.

88.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

89.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO.

91.     Defendants caused plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO to be prosecuted without probable cause until their charges were dismissed.

92.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

93.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants issued criminal process against LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO by causing them to be arraigned and prosecuted for various violations of the Penal Law.

95.     Defendants caused plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the

13

legal process, to wit: to avoid discipline for their unlawful conduct and above described acts of brutality.

96.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence Claim under 42 U.S.C. § 1983)

97.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants created false evidence against plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO.

99.     Defendants utilized this false evidence against plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO in legal proceedings.

100.    As a result of defendants' creation and use of false evidence, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO suffered a violation of their constitutional rights to a fair trial as guaranteed by the United States Constitution.

101.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
<u>(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)</u>

102.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    The defendants seized, detained, and imprisoned plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

104.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ were deprived of their rights under the Equal Protection Clause of the United States Constitution.

105.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
<u>(Failure to Intervene under 42 U.S.C. § 1983)</u>

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth

herein.

107.    Defendants had an affirmative duty to intervene on behalf of plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, whose constitutional rights were being violated in their presence by other officers.

108.    The defendants failed to intervene to prevent the unlawful conduct described herein.

109.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

110.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

111.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

16

113.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

116.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: unlawfully entering and private premises; subjecting individuals to the excessive use of force; and arresting individuals without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct

complained of herein.

117.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ.

118.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, as alleged herein.

119.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, as alleged herein.

120.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, were seized and subjected to excessive force, and plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO were, *inter alia,* subjected to fabrication of evidence and maliciously prosecuted.

18

121.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ'S constitutional rights.

122.     All of the foregoing acts by defendants deprived plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ , of federally protected rights, including, but not limited to, the right:

     A.     Not to be deprived of liberty without due process of law;

     B.     To be free from the illegal entry into their home;

     C.     To be free from false arrest/unlawful imprisonment;

     D.     To be free from the excessive use of force;

     E.     To be free from malicious prosecution;

     F.     To be free from malicious abuse of process; and

     G.     To be free from the failure to intervene.

123.     As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

124.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.     Within ninety (90) days after the claim herein accrued, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET, duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

126.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

127.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

128.     Plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET have complied with all conditions precedent to maintain the instant action.

129.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

130.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.     Defendants arrested plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA

20

GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET without probable cause.

132.    Plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET were detained against their will for an extended period of time and subjected to physical restraints.

133.    As a result of the aforementioned conduct, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET were unlawfully imprisoned in violation of the laws of the State of New York.

134.    As a result of the aforementioned conduct, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

135.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

136.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    As a result of the foregoing, plaintiffs were placed in apprehension of imminent

21

harmful and offensive bodily contact.

138.   As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

139.   As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

140.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "139" with the same force and effect as if fully set forth herein.

141.   Defendants made offensive contact with plaintiffs without privilege or consent.

142.   As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

143.   As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

144.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    Defendants initiated, commenced and continued a malicious prosecution against plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO.

146.    Defendants caused plaintiffs E LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO to be prosecuted without probable cause.

147.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

148.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "147" with the same force and effect as if fully set forth herein.

149.    Defendants issued criminal process against plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO by causing them to be arrested, arraigned and prosecuted in criminal court.

150.    Defendants caused plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the

legal process, to wit: to avoid discipline for their unlawful conduct and above described acts of brutality.

151.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, and GEORGE LUGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

152.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "151" with the same force and effect as if fully set forth herein.

153.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

154.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

155.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

156.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET.

157.    As a result of the aforementioned conduct, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET suffered emotional distress, physical and mental injury, together with embarrassment,

humiliation, shock, fright, and loss of freedom.

158.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

159.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "158" with the same force and effect as if fully set forth herein.

160.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests of plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET.

161.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

162.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

163.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "162" with the same force and effect as if fully set forth herein.

164.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET.

165.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

166.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "165" with the same force and effect as if fully set forth herein.

167.    Plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they

26

engaged in the wrongful conduct described herein.

168.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

169.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "168" with the same force and effect as if fully set forth herein.

170.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

171.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

172.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "171" with the same force and effect as if fully set forth

herein.

173.    As a result of defendants' conduct, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET were deprived of their right to security against unreasonable searches, seizures, and interceptions.

174.    As a result of the foregoing, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, and EDWIN AVELLANET are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        August 6, 2015

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiffs LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO, EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET, and CRYSTAL CRUZ
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:    ____/s/ Brett Klein_____
        BRETT H. KLEIN (BK4744)

29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LUIS ORTEGA, ALBA CUEVAS, ANA GREGORIO,
EVELYN LUGO, GEORGE LUGO, EDWIN AVELLANET,
and CRYSTAL CRUZ, by her mother and natural guardian,
ALBA CUEVAS,

                                          Plaintiffs,

                                                                    13 CV 6646
                    -against-                                        (FB) (VVP)

CITY OF NEW YORK, CHARLES DROBNESS, Individually,
RALPH CONDE, Individually, THOMAS NIGRO, Individually,
MARY GILLESPIE, Individually, YURIY CHUYKO, Individually,
THOMAS KAMPER, Individually, EFRAIN HERNANDEZ,
Individually, JOHNNY CASTILLO, Individually,
JASON GREENBERG, Individually, JOHN YEN, Individually,
JOSEPH PERFETTO, Individually, KENNETH GREENE,
Individually, RICHARD GUERRIERI, and JOHN and JANE DOE
1 through10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                          Defendants.

--------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132